UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

PETER W. MILLER,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 3:18-cv-281

Magistrate Judge Michael J. Newman
(Consent Case)

_____

**DECISION AND ENTRY: (1) REVERSING THE ALJ'S NON-DISABILITY FINDING AS UNSUPPORTED BY SUBSTANTIAL EVIDENCE; (2) REMANDING THIS CASE UNDER THE FOURTH SENTENCE OF 42 U.S.C. § 405(g) FOR FURTHER PROCEEDINGS; AND (3) TERMINATING THIS CASE ON THE COURT'S DOCKET**
_____

This is a Social Security disability benefits appeal for which the parties have consented to entry of final judgment. At issue is whether the Administrative Law Judge ("ALJ") erred in finding Plaintiff not "disabled" and therefore unentitled to Disability Insurance Benefits ("DIB") and/or Supplemental Security Income ("SSI").[1] This case is before the Court on Plaintiff's Statement of Errors (doc. 14), the Commissioner's memorandum in opposition (doc. 16), Plaintiff's reply (doc. 17), the administrative record (doc. 7),[2] and the record as a whole.

### I.

#### A.    Procedural History

Plaintiff filed for DIB and SSI alleging a disability onset date of August 1, 2004. PageID 1188. Plaintiff claims disability as a result of a number of alleged impairments including, *inter alia*, lumbar degenerative disc disease, an adjustment disorder with depression, attention deficit hyperactivity disorder ("ADHD"), and moderate borderline intellectual disability. PageID 1189.

---

[1] "The Commissioner's regulations governing the evaluation of disability for DIB and SSI are identical . . . and are found at 20 C.F.R. § 404.1520, and 20 C.F.R. § 416.920 respectively." *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). Citations in this Report and Recommendation to DIB regulations are made with full knowledge of the corresponding SSI regulations, and *vice versa*.

[2] Hereafter, citations to the electronically-filed administrative record will refer only to the PageID number.

After an initial denial of his application, Plaintiff received a hearing before ALJ Mark Hockensmith on April 6, 2017. PageID 123-61. The ALJ issued a written decision on July 20, 2017 finding Plaintiff not disabled. PageID 49-63. Specifically, the ALJ found at Step Five that, based upon Plaintiff's residual functional capacity ("RFC") to perform a reduced range of light work,[3] "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform[.]" PageID 54-62.

Thereafter, the Appeals Council denied Plaintiff's request for review, making the ALJ's non-disability finding the final administrative decision of the Commissioner. PageID 35-37. *See Casey v. Sec'y of Health & Human Servs.*, 987 F.2d 1230, 1233 (6th Cir. 1993). Plaintiff then filed this timely appeal. *Cook v. Comm'r of Soc. Sec.*, 480 F.3d 432, 435 (6th Cir. 2007).

**B.     Evidence of Record**

The evidence of record is adequately summarized in the ALJ's decision (PageID 56-65), Plaintiff's Statement of Errors (doc. 9), the Commissioner's memorandum in opposition (doc. 13), and Plaintiff's reply (doc. 14). The undersigned incorporates all of the foregoing and sets forth the facts relevant to this appeal herein.

## II.

**A.     Standard of Review**

The Court's inquiry on a Social Security appeal is to determine (1) whether the ALJ's non-disability finding is supported by substantial evidence, and (2) whether the ALJ employed the correct legal criteria. 42 U.S.C. § 405(g); *Bowen* v. *Comm'r of Soc. Sec.,* 478 F.3d 742, 745-46 (6th Cir. 2007).

---

[3] Light work "involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds" and "requires a good deal of walking or standing, or . . . sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b). Individuals capable of performing light work are presumed able to perform sedentary work. *Id.* Sedentary work "involves lifting no more than 10 pounds at a time and occasionally lifting or carrying articles like docket files, ledgers, and small tools. Although a sedentary job is defined as one which involves sitting, a certain amount of walking and standing is often necessary in carrying out job duties." 20 C.F.R. § 404.1567(a).

In performing this review, the Court must consider the record as a whole. *Hephner v. Mathews*, 574 F.2d 359, 362 (6th Cir. 1978).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales,* 402 U.S. 389, 401 (1971). When substantial evidence supports the ALJ's denial of benefits, that finding must be affirmed, even if substantial evidence also exists in the record upon which the ALJ could have found Plaintiff disabled. *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Thus, the ALJ has a "'zone of choice' within which he [or she] can act without the fear of court interference." *Id.* at 773.

The second judicial inquiry -- reviewing the correctness of the ALJ's legal analysis -- may result in reversal even if the ALJ's decision is supported by substantial evidence in the record. *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009). "[A] decision of the Commissioner will not be upheld where the [Social Security Administration] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Bowen*, 478 F.3d at 746.

B.     **"Disability" Defined**

To be eligible for disability benefits, a claimant must be under a "disability" as defined by the Social Security Act. 42 U.S.C. § 423(d)(1)(A). Narrowed to its statutory meaning, a "disability" includes physical and/or mental impairments that are both "medically determinable" and severe enough to prevent a claimant from (1) performing his or her past job and (2) engaging in "substantial gainful activity" that is available in the regional or national economies. *Id.*

Administrative regulations require a five-step sequential evaluation for disability determinations. 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step ends the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), the complete sequential review poses five questions:

   1.     Has the claimant engaged in substantial gainful activity?;

2.	Does the claimant suffer from one or more severe impairments?;

3.	Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments (the "Listings"), 20 C.F.R. Subpart P, Appendix 1?;

4.	Considering the claimant's RFC, can he or she perform his or her past relevant work?; and

5.	Assuming the claimant can no longer perform his or her past relevant work -- and also considering the claimant's age, education, past work experience, and RFC -- do significant numbers of other jobs exist in the national economy which the claimant can perform?

20 C.F.R. § 404.1520(a)(4); *see also Miller v. Comm'r of Soc. Sec.,* 181 F. Supp.2d 816, 818 (S.D. Ohio 2001). A claimant bears the ultimate burden of establishing disability under the Social Security Act's definition. *Key v. Comm'r of Soc. Sec.*, 109 F.3d 270, 274 (6th Cir. 1997).

### III.

In his Statement of Errors, Plaintiff argues that the ALJ erred in weighing the medical source opinions of record. Doc. 9. Finding error in the ALJ's assessment of the opinion written by Plaintiff's treating psychiatrist, the undersigned agrees with his alleged errors.

Until March 27, 2017, "the Commissioner's regulations [that apply to this appeal] establish[ed] a hierarchy of acceptable medical source opinions[.]" *Snell v. Comm'r of Soc. Sec.*, No. 3:12-cv-119, 2013 WL 372032, at *9 (S.D. Ohio Jan. 30, 2013). In descending order, these medical source opinions are: (1) treaters; (2) examiners; and (3) record reviewers. *Id*. Under the regulations then in effect, the opinions of treaters are entitled to the greatest deference because they "are likely to be . . . most able to provide a detailed, longitudinal picture of [a claimant's] medical impairment(s) and may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations[.]" 20 C.F.R. § 404.1527(c)(2).

A treater's opinion must be given "controlling weight" if "well-supported by medically acceptable clinical and laboratory diagnostic techniques and . . . not inconsistent with the other substantial evidence in [the] case record." *LaRiccia v. Comm'r of Soc. Sec.*, 549 F. App'x 377, 384

(6th Cir. 2013). Even if a treater's opinion is not entitled to controlling weight, "the ALJ must still determine how much weight is appropriate by considering a number of factors, including the length of the treatment relationship and the frequency of examination, the nature and extent of the treatment relationship, supportability of the opinion, consistency of the opinion with the record as a whole, and any specialization of the treating physician." *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009); *see also* 20 C.F.R. § 404.1527(c).[4]

After treaters, "[n]ext in the hierarchy are examining physicians and psychologists, who often see and examine claimants only once." *Snell*, 2013 WL 372032, at *9.

Record reviewers are afforded the least deference and these "non-examining physicians' opinions are on the lowest rung of the hierarchy of medical source opinions." *Id*. Put simply, "[t]he regulations provide progressively more rigorous tests for weighing opinions as the ties between the source of the opinion and the individual [claimant] become weaker." *Id*. (citing SSR 96-6p, 1996 WL 374180, at *2 (July 2, 1996)). In the absence of a controlling treating source opinion, an ALJ must "evaluate all medical opinions" with regard to the factors set forth in 20 C.F.R. § 404.1527(c), *i.e.,* length of treatment history; consistency of the opinion with other evidence; supportability; and specialty or expertise in the medical field related to the individual's impairment(s). *Walton v. Comm'r of Soc. Sec.*, No. 97-2030, 1999 WL 506979, at *2 (6th Cir. June 7, 1999).

Sunita Agarwal, M.D., Plaintiff's treating psychiatrist, authored an opinion regarding Plaintiff's mental impairments in June 2016. Dr. Agarwal found that Plaintiff would have "extreme" limitations in his ability to: accept instructions from or respond appropriately to criticism; work in coordination with or in proximity to others; respond appropriately to coworkers and peers; perform and complete work tasks in a normal work day or work week; use appropriate judgment; carry through

---

[4] In essence, "opinions of a treating source . . . must be analyzed under a two-step process, with care being taken not to conflate the steps." *Cadle v. Comm'r of Soc. Sec.*, No. 5:12-cv-3071, 2013 WL 5173127, at *5 (N.D. Ohio Sept. 12, 2013). Initially, "the opinion must be examined to determine if it is entitled to controlling weight" and "[o]nly if . . . the ALJ does not give controlling weight to the treating physician's opinion is the opinion subjected to another analysis based on the particulars of" 20 C.F.R. § 404.1527. *Id*.

5

instructions and complete tasks independently; maintain attention and concentration; respond appropriately to changes in the work setting; and behave predictably, reliably, and in an emotionally stable manner. PageID 866-67. Ultimately, Dr. Agarwal opined that Plaintiff could be absent as many as five days a week (*i.e.,* not be present in the workplace at all), and that his condition would likely deteriorate if he were required to work eight hours per day, five days per week. PageID 868. In affording this treating opinion "little weight," the ALJ committed multiple reversible errors. PageID 60.

The undersigned initially notes that in requiring Dr. Agarwal's treating opinion to be "fully supported" by the record, the ALJ erroneously applied the controlling weight test. Soc. Sec. R. 96-2, 1996 WL 374188, at *83 (A treating opinion "not inconsistent with substantial evidence in the first step does not have to be supported directly by all of the other evidence (*i.e.,* it does not have to be consistent with all other evidence) as long as there is no other substantial evidence in the case record that contradicts or conflicts with the opinion"); *see also Cowens v. Berryhill*, No. 3:16-CV-227, 2017 WL 3015701, at *6 (S.D. Ohio July 17, 2017). While such an error can be harmless, it is not where, as here, the ALJ's misapplication of the "controlling weight [analysis] hinders a meaningful review of whether the ALJ properly applied the treating-physician rule that is at the heart of this regulation." *Gayheart*, 710 F.3d at 376.

Rather than analyze any specific medical evidence of record, the ALJ instead proceeded to discredit the opinion because it was internally inconsistent and because "Dr. Argawal only saw the claimant on three occasions over a six-month period." PageID 60. Such conclusions fall under the "consistency" and "treatment relationship" factors found at 20 C.F.R. §§ 404.1527(c)(2)(i) and (c)(3). As this Court has repeatedly found, these factors are not part of the controlling weight analysis. *Lutz v. Comm'r of Soc. Sec.*, No. 3:16-CV-210, 2017 WL 3140878, at *3 (S.D. Ohio July 25, 2017), *report and recommendation adopted*, No. 3:16-CV-210, 2017 WL 3432725 (S.D. Ohio Aug. 9, 2017); *Dunham v. Comm'r of Soc. Sec.*, No. 3:16-CV-414, 2017 WL 4769010, at *4 (S.D. Ohio Oct. 20,

2017), *report and recommendation adopted sub nom. Dunham v. Berryhill*, No. 3:16-CV-414, 2018 WL 502715 (S.D. Ohio Jan. 22, 2018); *Caraway v. Comm'r of Soc. Sec.*, No. 3:16-CV-138, 2017 WL 3224665, at *4 (S.D. Ohio July 31, 2017), *report and recommendation adopted sub nom. Caraway v. Berryhill*, No. 3:16-CV-138, 2017 WL 3581097 (S.D. Ohio Aug. 17, 2017); *Hall v. Comm'r of Soc. Sec.*, No. 3:17-CV-345, 2018 WL 3386311, at *4 (S.D. Ohio July 12, 2018), *report and recommendation adopted*, No. 3:17-CV-345, 2018 WL 3636590 (S.D. Ohio July 31, 2018); *Wolder v. Comm'r of Soc. Sec.*, No. 3:16-CV-00331, 2017 WL 2544087, at *4 (S.D. Ohio June 13, 2017), *report and recommendation adopted*, No. 3:16-CV-331, 2017 WL 2819882 (S.D. Ohio June 28, 2017); *Warren v. Comm'r of Soc. Sec.*, No. 3:16-CV-00099, 2017 WL 480405, at *4 (S.D. Ohio Feb. 6, 2017), *report and recommendation adopted*, No. 3:16-CV-99, 2017 WL 1019508 (S.D. Ohio Mar. 14, 2017); *Klein v. Comm'r of Soc. Sec.*, No. 3:14-CV-78, 2015 WL 4550786, at *6 (S.D. Ohio Mar. 24, 2015).

Instead, the factors found at 20 C.F.R. § 404.1527(c) (2)(i) and (c)(3) are "applied after the ALJ decides to 'not give the treating source's medical opinion controlling weight.'" *Lutz*, 2017 WL 3140878, at *3; *see also* 20 C.F.R. § 404.1527(c)(2) (stating that the factors in paragraphs (c)(2)(i) and (c)(3) are applied when the ALJ does "not give the treating source's medical opinion controlling weight"); *see also Gayheart*, 710 F.3d at 376 (noting that these factors are "properly applied only after the ALJ has determined that a treating-source opinion will not be given controlling weight"). Because the ALJ enunciated the wrong standard and analyzed the treatment relationship and consistency factors thereafter, it is unclear to the undersigned whether the ALJ performed the requisite two-step process without conflating the steps. *Cadle*, 2013 WL 5173127, at *5.

But even assuming, *arguendo*, that the ALJ correctly considered these factors, the ALJ nevertheless erred. The criticism of Dr. Argawal's treating relationship with Plaintiff demonstrates that -- in violation of 20 C.F.R. § 404.1527(c) -- the ALJ applied more rigorous scrutiny to the opinion of this treating psychiatrist than the non-treaters. *Gayheart v. Comm'r of Soc. Sec.,* 710 F.3d 365, 379 (6th Cir. 2013) (holding that ALJs are prohibited from applying greater scrutiny to the opinions of

7

treating physicians than non-treaters). While the ALJ discounted Dr. Argawal's opinion due to a six-month treating relationship, the ALJ did not scrutinize the non-treating opinion of George Schulz, Ph.D. -- an opinion based on a mere one-time evaluation of Plaintiff -- on these same grounds. PageID 61.

The ALJ also asserts that Dr. Argawal's finding -- that Plaintiff "could not think clearly or comprehend information" -- was inconsistent with his ability to "complete math skills" or "manage his own funds." PageID 60. The undersigned is not convinced, however, that an ability to complete discrete and simple number skills is -- as the ALJ contends -- demonstrative of a general ability to comprehend information, especially on a sustained basis. *See Gayheart*, 710 F.3d at 377 (finding error where "the ALJ [did] not contend, and the record [did] not suggest, that [plaintiff] could do ... activities on a sustained basis, which is how the functional limitations of mental impairments are to be assessed"). Nor does this critique provide "good reasons" to discount the entirety of Dr. Argawal's treating opinion. *Saunders v. Comm'r of Soc. Sec.*, No. 3:14-cv-97, 2015 U.S. Dist. LEXIS 151641, at *16-17 (S.D. Ohio Sept. 8, 2015) ("Accordingly, the Court fails to find that this purported inconsistency constitutes substantial evidence in support of discounting the entirety of [the treating physician's] opinion) (citing *Austin v. Astrue*, No. C—12-3349 EMC, 2013 U.S. Dist. LEXIS 66467, at *5 (N.D. Cal. May 9, 2013) (finding an ALJ's reliance on an insignificant inconsistency to discount the opinion of a treating physician was "misplaced")).

To the extent the ALJ discredited Dr. Argawal's opinion because "there is no evidence of marked limitations in social functioning," such a conclusion also constitutes error because it is undermined by Plaintiff's treatment notes contained in the record.[5] For example, Dr. Agarwal's notes document poor hygiene, pressured and verbose speech, anxious mood, hyperactive and agitated

---

[5] "[A] psychiatric impairment is not as readily amenable to substantiation by objective laboratory testing as a medical impairment ... consequently, the diagnostic techniques employed in the field of psychiatry may be somewhat less tangible than those in the field of medicine.... When mental illness is the basis of a disability claim, clinical and laboratory data may consist of the diagnosis and observations of professionals trained in the field of psychopathology." *Blankenship,* 874 F.2d at 1121.

8

psychomotor activity, easily distracted attention, tangential thought process, dramatic and labile affect, an influence of delusions, paranoid thoughts, visual hallucinations, disoriented in time, recent memory impaired, and limited insight and judgment. PageID 956, 1021-22, 1024-25, 1027-28. Treatment notes from Donald Amos, M.S, R.C. similarly document: "irritability secondary to acute pain"; he is "frustrated and easily discouraged"; he exhibits "pressured speech" and "mild rambling"; an "overanxious" and depressed mood; he "struggles with concentration/memory"; he fails to "interact[] productively"; "thought process obsessional"; and that he is "not substantially responsive to verbal intervention" *See, e.g.,* PageID 1038, 1039, 1040, 1041, 1043, 1046, 1048, 1050, 1053, 1057. It is entirely plausible that, *inter alia*, Plaintiff's anxiety, irritability, and difficulties with speech and concentration would interfere with his social interactions. More importantly, the ALJ does not have the medical acumen to disagree with Plaintiff's treating psychiatrist on this basis. *See Simpson v. Comm'r. of Soc. Sec.*, 344 Fed. Appx. 181, 194 (6th Cir. 2009) (citing *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996) (stating "ALJ's must not succumb to the temptation to play doctor and make their own independent medical findings"); *Isaacs v. Comm'r of Soc. Sec.*, No. 1:08-cv-828, 2009 WL 3672060, at *10 (S.D. Ohio Nov. 4, 2009). Thus, the ALJ's analysis of Dr. Argawal's opinion, in this regard, is unsupported by substantial evidence.

In light of all the foregoing reversal is mandated even if "substantial evidence otherwise supports the decision of the Commissioner." *See Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 544 (6th Cir. 2004).

## IV.

When, as here, the ALJ's non-disability determination is unsupported by substantial evidence, the Court must determine whether to reverse and remand the matter for rehearing or to reverse and order an award of benefits. The Court has authority to affirm, modify or reverse the Commissioner's decision "with or without remanding the cause for rehearing." 42 U.S.C. § 405(g); *Melkonyan v. Sullivan*, 501 U.S. 89, 100 (1991). Generally, benefits may be awarded immediately "only if all

essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Faucher v. Sec'y of Health & Human Servs.*, 17 F.3d 171, 176 (6th Cir. 1994); *see also Abbott v. Sullivan*, 905 F.2d 918, 927 (6th Cir. 1990); *Varley v. Sec'y of Health & Human Servs.*, 820 F.2d 777, 782 (6th Cir. 1987). In this instance, evidence of disability is not overwhelming, and a remand for further proceedings is necessary.

## V.

For the foregoing reasons, **IT IS ORDERED THAT**: (1) the Commissioner's non-disability finding is unsupported by substantial evidence, and **REVERSED**; (2) this matter is **REMANDED** to the Commissioner under the Fourth Sentence of 42 U.S.C. § 405(g) for further proceedings; and (3) this case is **TERMINATED** on the docket.

**IT IS SO ORDERED.**

Date:  9/9/2019                                                              s/ Michael J. Newman
                                                                                          Michael J. Newman
                                                                                          United States Magistrate Judge